**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

ASHRAF A. ELSAYED,
                    Appellant,

                    v.

DEPARTMENT OF THE ARMY,
                    Agency.

DOCKET NUMBER
AT-0752-21-0114-I-2

DATE: September 29, 2022

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Ashraf A. Elsayed</u>, Jacksonville, Florida, pro se.

<u>Kelley Thomas</u> and <u>Matthew McCoy</u>, Millington, Tennessee, for the
    agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

**FINAL ORDER**

¶1      The appellant has filed a petition for review of the initial decision, which
affirmed his removal from Federal service.  Generally, we grant petitions such as
this one only in the following circumstances:   the initial decision contains
erroneous findings of material fact; the initial decision is based on an erroneous

---

[1] A nonprecedential order is one that the Board has determined does not add
significantly to the body of MSPB case law.  Parties may cite nonprecedential orders,
but such orders have no precedential value; the Board and administrative judges are not
required to follow or distinguish them in any future decisions.   In contrast, a
precedential decision issued as an Opinion and Order has been identified by the Board
as significantly contributing to the Board's case law.  *See* 5 C.F.R. § 1201.117(c).

interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED to find that the agency did not commit harmful procedural error, we AFFIRM the initial decision.

¶2    On review, the appellant reasserts many of the same arguments that he raised before the administrative judge. In addition, he asserts the following arguments: (1) the administrative judge erred in cancelling the hearing as a sanction; (2) the agency's denial of his request for leave without pay (LWOP) violated agency policy and policy set forth by the Office of Personnel Management (OPM); (3) his second-level supervisor retaliated against him for filing an equal employment opportunity complaint; (4) he did not receive hard copies of the notice of proposed removal or the decision; and (5) the agency did not allow him to present an oral reply. Petition for Review (PFR) File, Tab 1 at 5-6. The Board's regulations state that an appellant may not raise a new claim after the prehearing conference without good cause shown. 5 C.F.R. § 1201.24(b). There is no evidence that the appellant raised claims 3 through 5 prior to, or at, the prehearing conference in this appeal. *Elsayed v. Department of the Army*, MSPB Docket No. AT-0752-21-0114-I-2, Refiled Appeal File (RAF), Tab 26. We therefore decline to consider them on review. For the reasons stated herein, we find the appellant's remaining arguments unavailing.

¶3      An administrative judge may impose sanctions as necessary to serve the ends of justice, which includes the right to sanction a party for failure to comply with an order. *Heckman v. Department of the Interior*, 106 M.S.P.R. 210, ¶ 8 (2007); 5 C.F.R. § 1201.43. An administrative judge may cancel a requested hearing for conduct that is prejudicial to the administration of justice. 5 C.F.R. § 1201.43(e). Absent a showing of abuse of discretion, the Board will not reverse an administrative judge's determination regarding sanctions. *See Montgomery v. Department of the Army*, 80 M.S.P.R. 435, ¶ 17 (1998). Here, the appellant failed to respond to the agency's written discovery requests. RAF, Tab 10 at 1. The administrative judge ordered him to file responses, and after he failed to comply, the administrative judge sanctioned the appellant by prohibiting him from introducing certain evidence into the record. RAF, Tab 10 at 1, Tab 21 at 1. In the same order, the administrative judge instructed the appellant to appear for a telephonic deposition within 10 days, noting that he had failed to appear for multiple scheduled depositions. RAF, Tab 21 at 1. The appellant failed to comply with the order, and the administrative judge sanctioned the appellant by cancelling his requested hearing. RAF, Tab 26 at 1-2. The administrative judge considered the appellant's assertion that he could have appeared for the deposition if the agency had provided him with a prepaid telecommunications card and found it to be unpersuasive given the appellant's failure to raise this request prior to the scheduled deposition. RAF, Tab 23 at 15-18, 24-32, Tab 26 at 1-2. We agree. The appellant was on notice that his conduct could result in sanctions, and we therefore find that the administrative judge did not abuse his discretion in cancelling the hearing. *E.g.*, RAF, Tab 10 at 1, Tab 15 at 4, Tab 19 at 4, Tab 21 at 1-2, Tab 23 at 4; *see Heckman*, 106 M.S.P.R. 210, ¶¶ 8-12 (finding that the administrative judge did not abuse her discretion in cancelling an appellant's hearing after she failed to comply with three, separate orders despite being warned of possible sanctions).

¶4    Next, the appellant asserts that the agency violated its own policy when his request for LWOP was denied by his second-level supervisor instead of the Director. PFR File, Tab 1 at 5, 11-12. Although unclear, the appellant may have attempted to raise this argument before the administrative judge. *E.g.*, *Elsayed v. Department of the Army*, MSPB Docket No. AT-0752-21-0114-I-1, Initial Appeal File (IAF), Tab 1 at 4. The appellant has not filed a copy of an agency policy requiring the Director to approve or disapprove an employee's request for LWOP. Even assuming the agency had such a policy, and to the extent the appellant claims that the agency committed harmful procedural error, he has not shown that the Director likely would have approved the appellant's request. *See Stephen v. Department of the Air Force*, 47 M.S.P.R. 672, 681, 685 (1991) (explaining that the Board will reverse an action for harmful error if the appellant shows that the procedural error likely would have caused the agency to reach a different conclusion in the absence or cure of the error); 5 C.F.R. § 1201.4(r). The appellant also asserts, without explanation, that the agency's denial of his request for LWOP violated "OPM rules of leave/emergency." PFR File, Tab 1 at 5; RAF, Tab 18 at 16. The appellant has not provided a copy of the policy he is referencing, and he has not explained how he believes the agency violated OPM's policy. *See Tines v. Department of the Air Force*, 56 M.S.P.R. 90, 92 (1992) (stating that a petition for review must contain sufficient specificity to enable the Board to ascertain whether there is a serious evidentiary challenge justifying a complete review of the record). Accordingly, we modify the initial decision to find that the agency did not commit harmful procedural error regarding alleged violations of agency and OPM policy.

¶5    Finally, we address the documents attached to the appellant's petition for review. The Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the record was closed before the administrative judge despite the party's due diligence. *Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980).

Many of the documents submitted with the appellant's petition for review were submitted to the administrative judge, and thus, they are not new. *See Meier v. Department of the Interior*, 3 M.S.P.R. 247, 256 (1980). To the extent the appellant has filed any documents that were not filed before the administrative judge, he has not explained why the documents were unavailable prior to the close of the record, and thus, we do not consider them.

¶6    We have considered the appellant's remaining arguments and find they do not warrant disturbing the findings in the initial decision. We therefore deny the petition for review and affirm the initial decision.

## NOTICE OF APPEAL RIGHTS[2]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must receive your petition for review within **60 days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:                    /s/ for
                                  _____
                                  Jennifer Everling
                                  Acting Clerk of the Board
Washington, D.C.